JACKSON et al. v. BURTON et al.

No. 3016.

Court of Civil Appeals of Texas. Beaumont.

Nov. 25, 1936.

Rehearing Denied Dec. 16, 1936.

396

J. S. Wheless, Robert I. Wilson, and Dent Taylor, all of Kerrville, for appellants.

Walter Petsch, of Kerrville, and Robert H. Rice, of San Antonio, for appellees.

COMBS, Justice.

This appeal is from the district court of Kerr county, and is before us on transfer by the Supreme Court.

Appellant, J. A. Jackson, in April, 1932, as seller, entered into a conditional sales contract with appellees, Burton and House, as buyers, whereby he sold and transferred to them a stock of jewelry in the town of Kerrville. The stock was inventoried, and the agreed purchase price of $3,849.35 was evidenced by a promissory installment note in that amount executed by Burton and House and payable to appellant, J. A. Jackson. Mr. Jackson transferred the note to his wife, Mrs. Dolly Jackson, who joined in this suit. They sought judgment for the amount unpaid on the note with interest and attorney's fees; and, in the alternative, for an accounting and judgment for the value of all merchandise sold by the defendants while the stock was in their possession, less amounts previously accounted for and paid.

The note stipulated that it was made subject to a sale contract. The sale contract contained the following provision: "This contract is made subject to the Seller complying with the bulk sales law of the State of Texas and in the event the said Seller should fail and refuse to comply with the said bulk sales law of the State of Texas or in the event by reason of compliance with same, any liens or encumbrances should be filed against said property, then at the option of the Purchasers, this contract shall become null and void and they shall be released from all obligations hereunder, or at their option, they may pay off such encumbrances and shall be entitled to a credit on said note to be executed for such sum or sums as they may pay to satisfy such claim; and provided, that in the event they shall elect to declare said contract null and void that they shall be entitled to receive the profits made on any merchandise sold during the time that they are in possession of said business." In November, 1932, a creditor of Jackson's filed suit and sued out a writ of garnishment which was served on Burton. In December Burton exercised the option and declared the contract at an end and tendered the stock of merchandise back to Jackson, demanding return of the note. Jackson declined to receive back the stock and to surrender the note. Burton then gave notice to Jackson's creditors of his intention to abandon the stock. One of the creditors filed suit and others intervened. A receiver was appointed who took charge of the goods, made an inventory and sold the same under orders of the court, and made distribution of the proceeds to Jackson's creditors. Upon the trial of this case, the trial court took the view that as a matter of law the defendants were not obligated on the note. There was a controverted issue as to how much of the stock had been disposed of by the defendants and not accounted for to Jackson. The issues were submitted to the jury in response to which they found the unpaid amount due Jackson by the defendants to be $79.98. It was shown without controversy that Jackson had occupied a portion of the store building with an agreement to pay rent. The sum due by Jackson to the defendants for the rental was more than the amount due by the defendants to Jackson for the goods which were sold; whereupon, the court entered judgment that plaintiffs take nothing.

Appellants' contention that the suing out of the garnishment by Jackson's creditor was not the fixing of a lien or encumbrance within the contemplation of the sales contract is without merit. From

the service of the writ, the appellees became in fact receivers of the stock of merchandise and were liable to Jackson's creditors to the extent of the value of the stock. Article 4001, Vernon's Ann.Civ.St. This was such a lien or encumbrance as was specifically provided against in the sales contract, and, under the terms of the contract, appellees had a right to treat the contract as at an end, and to account for the portion of the stock which they had sold. This they did.

It is true, as contended by the appellants, that there was some dispute in the testimony as to whether Jackson supplied Burton and House with a list of creditors as required by the bulk sales law. But that issue became immaterial when it appeared from the uncontroverted evidence that the defendants exercised their option to terminate the contract by reason of the fixing of a lien against the stock by a creditor of Jackson.

Finding no error, the judgment of the trial court is affirmed.